IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RONNIE REYNOLDS**                                                                                          **PLAINTIFF**

V.                                           5:12CV00119 JMM

**UNITED STATES DEPARTMENT OF**
**THE ARMY, Honorable John M. McHugh,**
**Secretary**                                                                                                    **DEFENDANT**

**ORDER**

Pending before this Court is the Plaintiff's Motion to Proceed *In Forma Pauperis* and Complaint.  The Eighth Circuit has instructed that the decision of whether a complaint is frivolous or malicious precedes the decision of whether to grant *in forma pauperis* status and whether to order service of process.  *See Carney v. Houston* 33 F.3d 893, 895 (8th Cir. 1994)(quoting *Gentile v. Missouri Dept. Of Corrections*, 986 F.2d 214 (8th Cir. 1993)). "If the complaint is frivolous or malicious, the district court should dismiss it out of hand." *Id*.  A complaint is frivolous where it lacks an arguable basis either in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325-27 (1989).

In this case, Plaintiff has not filed a complaint as required by the Federal Rules of Civil Procedure.  Plaintiff has merely filed a letter from Larry Stubblefield, Deputy Assistant Secretary of the Army, to Plaintiff's attorney dated March 13, 2012.  The letter explains that Plaintiff's equal employment opportunity complaint dated March 16, 2011, has been denied based upon the Army's finding that Plaintiff had not been the victim of discrimination.  This letter, with its attachment, is not deemed to be a sufficient complaint.  Therefore, the Court will dismiss Plaintiff's complaint unless he can file an amended complaint which complies with the

Federal Rules of Civil Procedure, including specifically Rules 3-11.  The Court notes that in order to establish a *prima facie* case of discrimination under Title VII, a plaintiff must show that (1) that he is a member of a protected class, (2) that he was qualified for his job, (3) that there was an adverse employment action taken against him by the Defendant, and (4) that some evidence supports the inference of improper motivation.  *Hannoon v. Fawn Engineering Corp.*, 324 F.3d 1041 (8th Cir. 2003).

Plaintiff must file an amended complaint on or before April 27, 2012.  Failure to do so will result in dismissal of the complaint.

IT SO ORDERED this 9th day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE